IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND S. DOMAN,                  :
                                   :
      Petitioner           :
                                   :
    v.                           :   CIVIL NO. 4:CV-16-543
                                   :
LAUREL HARRY,                      :   (Judge Brann)
                                   :
      Respondent           :

## **MEMORANDUM**

April 4, 2016

**Background**

    This pro se habeas corpus action pursuant to 28 U.S.C. § 2254 was initiated by Raymond S. Doman, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill).  Named as Respondent is SCI-Camp Hill Superintendent Laurel Harry.[1]  Accompanying the Petition is an in forma pauperis application will be granted solely for the purpose of the filing of this action with this Court.  Service of the Petition has not yet been ordered.

    Doman states that he was convicted on December 10, 2010 of robbery, resisting arrest, and recklessly endangering another person following a jury trial in

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official.  See 28 U.S.C. § 2242.

1

the Court of Common Pleas of Bucks County, Pennsylvania. He was sentenced on May 20, 2011 to a 14 to 28 year term of imprisonment.

Petitioner's pending action challenges the legality of his conviction on the grounds that the jury was given improper instructions; insufficient evidence to support his reckless endangerment conviction; and ineffective assistance of trial counsel.

### Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Doman is attacking the legality of a conviction which occurred in the Court of Common Pleas of Bucks County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. See 28

2

U.S.C. § 118.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the state trial court where Doman's conviction occurred, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District. An appropriate Order will enter.

BY THE COURT:

  s/ Matthew W. Brann  
Matthew W. Brann  
United States District Judge